IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTH ATLANTIC IMPORTS, LLC<br>A Utah limited liability company,<br><br>　Plaintiff,<br><br>　　　v.<br><br>LOCO – CRAZY GOOD COOKERS, INC.,<br>a Delaware corporation,<br><br>　Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff North Atlantic Imports, LLC d/b/a Blackstone ("Blackstone") files this Complaint against Defendant LoCo – Crazy Good Cookers, Inc. d/b/a LoCo Cookers ("LoCo") as follows:

## NATURE OF ACTION

1.  This is an action for patent infringement based on the Patent Laws of the United States, 35 U.S.C. § 1, et seq., for false advertisement based on the Lanham Act, 15 U.S.C. § 1051 et seq., for deceptive trade practices under laws of the State of Delaware 6 Del. Code. § 2532, and for false marking under 35 U.S.C. § 292.

2.  This action arises out of LoCo's making, using, selling, offering to sell, and/or importing LoCo Propane Griddles (the "Accused Products") that infringe U.S. Patent No. 10,660,473 owned by Blackstone ("the '473 Patent").

3.  This action also arises out of LoCo's false advertising and false marking of certain propane griddle and charcoal grill products. In its advertisements and descriptions, LoCo claims these products are protected by patents. However, no such relevant patents exists. This

false and misleading statement is likely to deceive consumers and to cause confusion or mistake as to the nature and characteristic of these products.

## PARTIES

4.  Blackstone is a Utah limited liability company with its principal place of business at 1073 West 1700 North, Logan, Utah 84321.

5.  LoCo is a Delaware corporation with its principal place of business at 506 Manchester Expressway, Suite A2, Columbus, Georgia 31904.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over Blackstone's claims under Delaware law pursuant to 28 U.S.C. § 1367(a).

7.  This Court has general and specific personal jurisdiction over LoCo. LoCo is a registered corporation under the laws of the state of Delaware. LoCo and/or its agents perform the legal violations described herein within this District and derive revenue and value therefrom, to purposefully avail itself of the privilege of conducting business within this state and District. LoCo also injects the infringing products complained of herein into the interstate stream of commerce based on its utilization of the laws of the State of Delaware.

8.  This Court may exercise jurisdiction over LoCo on the ground that LoCo resides in and is incorporated in this District. Additionally, LoCo has utilized the laws in this District to engage in the acts complained about herein in order to cause injury to Blackstone, coordinate its false statements, divert sales away from Blackstone, and harm consumers including those in this District.

9.  Venue is proper under 28 U.S.C. §§ 1391 and 1400(b) because LoCo is a Delaware corporation. LoCo distributes and sells the infringing products within this District, and directs its false statements within this District.

## BACKGROUND

10.  Blackstone is in the business of providing top of the line outdoor cooking griddles and accessories. Blackstone has been in this business for nearly two decades, designing and innovating high-quality products that yield the best results.

11.  As a result of Blackstone's innovation, Blackstone was recognized as one of the fastest-growing brands in the categories of gas griddles and portable griddles by the NPD Group in 2021.[1]

12.  On information and belief, LoCo, unlike Blackstone, recently entered the outdoor cooking market in 2022. And since its entrance into the market, LoCo has made it a habit to copy Blackstone.

13.  LoCo kicked off its business by advertising its griddle products by unlawfully using Blackstone's registered trademarks:

| Plaintiff's Trademark Nos. 5,629,498 and 5,449,608 | Defendant's Advertisement |
|---|---|
| BLACKSTONE (logo) | BS is no (with griddle image) |

---

[1] https://www.prweb.com/releases/npd_recognizes_top_performing_outdoor_grill_and_smoker_brands_in_2021/prweb18526691.htm

3

14. Although LoCo has apparently ceased its infringement of Blackstone's trademark, this was only the beginning of LoCo's infringement of Blackstone's intellectual property.

## LOCO'S INFRINGEMENT OF THE '473 PATENT

15. Blackstone has redefined griddles and griddle technologies, and has ensured to protect these technologies with its patent portfolio. This includes methods of maintaining convection heat within the griddle as illustrated, for example, below:



16. On May 26, 2020, the United States Patent and Trademark Office (the "USPTO") duly and lawfully issued the '473 Patent entitled "System, Device and Method for Controlling Convective Heating of a Griddle." All maintenance fees have been paid and the '473 Patent is valid and enforceable. A true, correct copy of the '473 Patent is attached as Exhibit A.

17. Blackstone owns all rights, title, and interest in the '473 Patent, including all rights to make, use, sell, offer for sale, and import products that practice the claims of the '473 Patent. Blackstone possesses the exclusive right and standing to prosecute actions for infringement of the '473 Patent. LoCo has no license or authorization to practice the technology of the '473 Patent.

18. LoCo is a direct competitor of Blackstone's and makes, uses, sells, and offers to sell propane griddles, such as Model Nos. LCG3ST3C36 and LCG1STTC36 ("the Accused Products") that directly compete with Blackstone's own propane griddle offerings.

19. On August 24, 2022, Blackstone sent LoCo a cease-and-desist letter informing LoCo of its infringement of the '473 Patent. Blackstone and LoCo exchanged communications regarding LoCo's infringement of the '473 Patent, but LoCo refuses to cease its infringement.

20. Despite having knowledge of the '473 Patent as late as August 24, 2022, LoCo knowingly and willfully continues to infringe the '473 Patent.

## LOCO'S FALSE ADVERTISING

21. In addition to LoCo's unlawful infringement of Blackstone's '473 Patent, LoCo is also falsely advertising to customers that it has "patented" its "SmartTemp" technology:

> With all other regular griddles, your cooking temperature is a guessing game that leads to overcooking, under-cooking, and recipe inconsistencies. Loco is proud to present the solution: <u>our patented smart temp technology.</u> Our smart temp griddles make it easy to dial in your desired cooking temperature in 25 degree increments and accurately maintain those precise cooking temperatures. Take the guesswork out of your griddling so you can easily repeat recipes time and time again.

> LoCo is bringing innovation to your Kettle Grill. We've integrated <u>our patented SmartTemp technology</u> allowing you to set your desired cook temperature. Our

> A Kettle Grill with innovation unlike any other. <u>Our patented SmartTemp technology</u> allows you to set your desired cook temperature, sit back and relax, while our system maintains that temperature for you. Featuring a backlit LCD screen,







22. LoCo advertises and sells its products online, which is available nationwide for consumers to access.

23. In connection with several of LoCo's products (e.g., 22 in. SmartTemp Kettle Charcoal Grill, 3-Burner Precision Griddle, and 2-Burner Precision Griddle (collectively, the "False Advertising Products")), LoCo falsely represents in its advertising to consumers that it has a patent on its "SmartTemp" technology, even though no such patent exists.

24. LoCo's false advertising of its "patented" technology violates false advertising and false marking laws.

25. Despite claiming that its "SmartTemp" technology is protected by U.S. patent law, no such patent has been issued to LoCo for this purported invention and LoCo is fully aware of the fact that no such LoCo patent exists for this purported invention.

26. In its August 24, 2022 cease-and-desist letter, Blackstone notified LoCo of its false statements regarding its "patented" SmartTemp technology. LoCo and Blackstone exchanged correspondence on the issue but LoCo continues to deceive the public with its false marking and false advertising, continuing to market its products as containing "patented" SmartTemp technology.

27. As late as August 24, 2022, LoCo has been aware of its false statements. But LoCo has refused to remove these false statements on its advertising and user manuals, with the intent to deceive the public that it has "patented" its SmartTemp technology.

28. LoCo's false representation regarding its "patented" technology is material because it misrepresents to consumers that LoCo's products contain innovative technology that leads a consumer to purchase LoCo's products instead of Blackstone's products, causing loss of sales to Blackstone.

29.   The harm that Blackstone endures due to LoCo's false advertising and false marking is further aggravated by the fact that LoCo and Blackstone are direct competitors who sell products in many of the same stores, such as Lowes or Home Depot, for example. Thus, LoCo falsely advertising that it has "patented" technology deceives consumers such that they purchase LoCo's products instead of Blackstone's products.

30.   These acts by LoCo are unlawful and constitute false advertising under the Lanham Act and false marking under the 35 U.S.C. § 292.

## COUNT I
### (Infringement of U.S. Patent No. 10,660,473, 35 U.S.C. § 271 *et seq.*)

31.   Blackstone repeats and realleges the allegations set forth above as if fully restated herein.

32.   The '473 Patent was filed on April 29, 2017, and issued May 26, 2020. Blackstone is the owner by assignment of all rights, title, and interest in the '473 Patent. The '473 Patent is valid and enforceable, and Blackstone has not licensed LoCo to practice the '473 Patent.

33.   LoCo makes, uses, sells, offers to sell, and/or imports into the United States the Accused Products.

34.   LoCo also makes, uses, sells, offers to sell, and/or imports into the United States a collection of the Accused Products from and through other retailers, such as Lowes and Home Depot.

35.   LoCo offers the Accused Product for sale to potential buyers. The Accused Products compete directly with Blackstone's products, are sold at the same retailers as Blackstone's products, and closely imitate the technology of the '473 Patent.

36. The Accused Products infringe literally or under the doctrine of equivalents, at least claim 1 of the '473 Patent, in violation of United States Patent laws. 35 U.S.C §§ 271, et seq.

37. The Accused Products are a cooking system that comprises: (1) a frame extending with a front side, a rear side, a left side, and a right side each extending between a lower portion and an upper portion; (2) multiple burners coupled to and extending between the front side and the rear side of the frame; (3) a griddle sized to be suspended by the frame to be positioned on the upper portion of the frame, the griddle having a cooking surface and an underside surface, the underside surface extending to define a rectangular shape with a front end, a rear end, a left end, and a right end, the griddle including a front rib and multiple lateral ribs, the front rib extending along the front end of the underside surface, and the multiple lateral ribs extending along the underside surface from the front rib to the rear end of the underside surface, the multiple lateral ribs being spaced from each other so as to define multiple heating regions such that each heating region is defined between adjacently extending lateral ribs, each of the heating regions includes one of the multiple burners positioned below one of the multiple heating regions, each of the lateral ribs extend downward from the underside surface a height so as to funnel convection heat from any one of the multiple burners toward the rear end of the underside surface of the griddle and from the rear side of the frame; (4) wherein the front rib and the multiple lateral ribs are integrally formed with the underside surface of the griddle; and (5) wherein the multiple lateral ribs directly extend from the underside surface of the griddle such that each lateral rib is spaced and separate from an adjacent lateral rib.

38. LoCo has been infringing — directly, contributorily, and by inducement — the claims of the '473 Patent in the United States, including in this judicial district. LoCo's patent infringement has been willful.

39. Blackstone has been damaged by LoCo's infringement of the '473 Patent and will continue to be damaged unless LoCo is enjoined by this court. Blackstone has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Blackstone and public interest would be served by an injunction.

40. By reason of the foregoing, Blackstone is entitled to relief against LoCo, pursuant to at least 35 U.S.C. §§ 283–85.

## COUNT II
### (False Advertising, 15 U.S.C. § 1125(a))

41. Blackstone repeats and realleges the allegations set forth above as if fully restated herein.

42. LoCo, by its conduct described above, has made materially false statements concerning the False Advertising Products involved in interstate commerce.

43. As a result of LoCo's false statements that its propane griddle and charcoal grill products are patented, the public (including current and potential Blackstone customers) are likely to be deceived such that that they purchase LoCo's False Advertising Products instead of Blackstone's products.

44. Blackstone has been and is likely to continue being injured by direct diversion of sales as a result of LoCo's false advertising.

45. LoCo's actions constitute false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a).

46. LoCo's conduct has caused, and unless restrained and enjoined will continue to cause, irreparable harm to Blackstone that cannot be cured or measured with money damages alone. Pursuant to 15 U.S.C. § 1116, Blackstone is entitled to preliminary and permanent injunctive relief preventing LoCo from continuing to engage in false advertising.

47. As a direct and proximate result of LoCo's conduct, Blackstone has suffered and will continue to suffer damages in an amount that is currently unknown but will be proven at trial. LoCo has also gained and will continue to gain profits and other commercial and competitive advantages from its false statements to the detriment of Blackstone.

48. Blackstone is entitled to recover actual and treble damages as well as LoCo's wrongful profits under the Lanham Act, 15 U.S.C. § 1117. This is an exceptional case, and Blackstone is entitled to recover its attorney's fees and costs.

## COUNT III
### (Deceptive Trade Practices Act, 6 Del. Code. § 2532)

49. Blackstone repeats and realleges the allegations set forth above as if fully restated herein.

50. LoCo's claim of patented technology within its griddles and grills constitutes a deceptive trade practice within the meaning of 6 Del. Code § 2532. In making the claim about the Accused Products being patented when they were not, LoCo has misrepresented that its goods possess a beneficial and material characteristic that is not accurate.

51. LoCo's deceptive trade practices have deceptively and unfairly caused and will continue to cause confusion, misunderstanding, and harm among consumers in Delaware and harm to competitors, including Blackstone.

52. LoCo's deceptive trade practices have been knowingly willful and deceptive.

53. LoCo's conduct has caused, and unless restrained and enjoined will continue to cause, irreparable harm to Blackstone that cannot be cured or measured with money damages alone. Pursuant to 6 Del. Code § 2533, Blackstone is entitled to preliminary and permanent injunctive relief preventing LoCo from continuing to engage in false advertising.

54. As a direct and proximate result of LoCo's conduct, Blackstone has suffered and will continue to suffer damages in an amount that is currently unknown but will be proven at trial. LoCo has also gained and will continue to gain profits and other advantages from its false statements to the detriment of Blackstone.

55. Pursuant to 6 Del. Code § 2533, Blackstone is entitled to costs associated with this action. As LoCo willfully engaged in its trade practice knowing it to be deceptive, Blackstone is also entitled to attorney's fees.

## COUNT IV
### (False Marking, 35 U.S.C § 292)

56. Blackstone repeats and realleges the allegations set forth above as if fully restated herein.

57. LoCo's claim that the False Advertising Products contain "patented" SmartTemp technology constitutes false marking pursuant to 35 U.S.C. § 292.

58. LoCo's SmartTemp technology is not patented, thus LoCo is falsely marking an unpatented product as being patented.

59. LoCo has known, as late as August 24, 2022, via Blackstone's cease-and-desist letter, that LoCo was falsely marking its products as being "patented" but LoCo has intentionally continued to deceive the public with its false marking.

60. Blackstone has been and is likely to continue being injured by the direct diversion of sales as a result of LoCo's false marking.

61. As a direct and proximate result of LoCo's conduct, Blackstone has suffered and will continue to suffer damages in an amount that is currently unknown but will be proven at trial. LoCo has also gained and will continue to gain profits and other commercial and competitive advantages from its false marking to the detriment of Blackstone.

62. Blackstone is entitled to recover actual damages as well as LoCo's wrongful profits under 35 U.S.C. § 292.

## **PRAYER FOR RELIEF**

WHEREFORE, Blackstone prays for judgment against LoCo as follows:

A. That LoCo has infringed one or more of the claims of the '473 Patent;

B. That LoCo has willfully infringed one or more of the claims of the '473 Patent;

C. That LoCo has engaged in false advertising in violation of the Lanham Act;

D. That LoCo has engaged in deceptive trade practices in violation of the Delaware Deceptive Trade Practices Act;

E. That LoCo has engaged in false marking in violation of 35 U.S.C. § 292;

F. That LoCo and its employees, officers, directors, agents, affiliates, (and all of those in active concert and participation with any of the foregoing) be temporarily restrained, preliminarily enjoined, and permanently enjoined from any direct, indirect or joint infringement of the '473 Patent— whether literal or under the doctrine of equivalents;

G. That LoCo and its employees, officers, directors, agents, affiliates, (and all of those in active concert and participation with any of the foregoing) be temporarily restrained,

preliminarily enjoined, and permanently enjoined from false advertising, deceptive trade practices, and/or false marking;

H. That LoCo provide an accounting of all LoCo's sales, revenues, and profits subject to Blackstone's causes of action;

I. That LoCo is liable to Blackstone for an award of actual damages, treble damages, and disgorgement of profits in an amount to be determined at trial;

J. That Blackstone be awarded pre-judgment and post-judgment interest;

K. That the case be declared exceptional under, inter alia, 35 U.S.C. § 285, 15 U.S.C. § 1117, and 6 Del. Code §§ 2532-2533 such that Blackstone is awarded its attorneys' fees and costs incurred in this action; and

L. That Blackstone be awarded any and all relief to which Blackstone may show itself be entitled to;

M. That Blackstone be awarded such other and further relief the Court deems just and proper.

## JURY DEMAND

Blackstone demands a jury trial on all issues so triable.

|  |  |
|---|---|
| | /s/ Frederick L. Cottrell, III |
| OF COUNSEL | Frederick L. Cottrell, III (#2555) |
| | Christine D. Haynes (#4697) |
| David R. Wright | Richards, Layton & Finger, P.A. |
| Jared J. Braithwaite | 920 N. King Street |
| Wesley F. Harward | Wilmington, DE 19801 |
| Alexis K. Juergens | 302-651-7700 |
| FOLEY & LARDNER LLP | cottrell@rlf.com |
| 95 South State Street, Suite 2500 | haynes@rlf.com |
| Salt Lake City, Utah 84111 | |
| 801-401-8900 | *Attorneys for Plaintiff North Atlantic Imports, LLC* |